## Culp *v.* Reading Transit & Light Co., Appellant.

*Negligence—Temporary obstruction in street—Street railways—Rails piled in gutter—Contributory negligence—Judgment for defendant.*

1. While under ordinary circumstances anyone is at liberty to pass from the sidewalk to the street at any point, yet in the presence of a known temporary obstruction, which a very slight detour to one side will avoid, one who chooses, under such circumstances, to step directly over the obstruction, must be held to do so at his own risk.

2. In an action against a street railway company to recover damages for death of plaintiff's husband resulting from a fall caused by tripping over rails piled by the defendant in the street in front of plaintiff's house the court erred in submitting the case to the jury where it appeared that the street was well lighted, that plaintiff had just stepped over the rails in order to go into the street and was attempting to step over them in returning when he tripped and fell.

Argued March 1, 1915. Appeal, No. 383, Jan. T., 1914, by defendant, from judgment of C. P. Berks Co., Oct. T., 1913, No. 71, on verdict for plaintiff, in case of Emma H. Culp v. The Reading Transit and Light Company. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Reversed.

Trespass to recover damages for the death of plaintiff's husband. Before ENDLICH, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,000 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*C. H. Ruhl,* for appellant.

*Isaac Hiester,* with him *B. Y. Shearer,* for appellee.

OPINION BY MR. JUSTICE POTTER, July 3, 1915:

The plaintiff brought this action to recover damages for the death of her husband, which she alleged was due to the negligence of the defendant company. On the evening of July 12, 1913, plaintiff's husband, wishing to go out into the street to look for an approaching car, stepped from the edge of the sidewalk, in front of his residence, over some street railway rails that were lying in the gutter near the curb. In returning to the sidewalk he again stepped over the rails, but his heel caught and he was thrown heavily to the ground. The defendant company, having occasion to renew its tracks, had temporarily placed these rails in the gutter. It appears that three rails were lying at that particular place, two of them on the ground, and the third upon the other two, so that in height they extended a few inches above the curb. Counsel for plaintiff do not question the right of the defendant company to place the rails where they were in the street temporarily, but they contend that there was no necessity for piling the rails upon each other and thus increasing their height, as they lay in the street. The evidence shows that at the spot in question, the street was sufficiently lighted to render the rails visible for a distance of some thirty feet. It also appeared that the residence of plaintiff was located upon the corner of an alley, connecting with the street, and

which in its opening was not obstructed in any way by the rails, so that plaintiff's husband would have had a clear way to pass into the street, had he varied his course slightly by stepping about eight feet to the left, before leaving the sidewalk. That he knew the rails were lying in the gutter along the curb cannot be doubted. They had been there, directly in front of his shop, for two or three days. He stepped over them on his way into the street, and was in the act of stepping over them on his return to the sidewalk, when his foot caught and he fell. The injury was accidental, and the ocurrence was just such as might readily happen, and which often does result in a house, from catching the heel upon the step of a stairway, or in catching the foot in the edge of a rug or other obstruction upon a floor. If blame is to be imputed to any one in this matter, it is difficult to see how it can be placed elsewhere than upon plaintiff's husband himself. Stepping over what was, under the circumstances, but a slight obstruction extending as it did but a few inches above the curb, and with knowledge of its presence, he failed to lift his foot quite high enough to clear it. It was nothing hidden into which he walked unwittingly, for his neighbor, who saw him fall, testified that the rails could be plainly seen from his porch, some thirty feet away, where he was sitting at the time. Then too, it plainly appeared that by taking three steps to the left upon the sidewalk, and going a distance of eight feet, Mr. Culp could have avoided the rails entirely and have passed around their ends into the street. His purpose would, in this way, have been served equally well and the extra time required would not have been noticeable. The rails were not lying at a crossing, neither were they in the line of ordinary travel. They lay along the gutter, and while under ordinary circumstances any one is at liberty to pass from the sidewalk to the street at any point, yet in the presence of a known temporary obstruction, which a very slight detour to one side will avoid, one who chooses, under such circum-

stances, to step directly over the obstruction, must be held to do so at his own risk. The trial judge should have said so, and should have affirmed the point presented by counsel for defendant, asking for binding instructions in its favor.

The first and third assignments of error are sustained, and the judgment is reversed, and is here entered for the defendant.